## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joseph Barry Malasky, | ) | C/A No.: 0:20-2055-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Ram Jack of South Carolina, Inc. | ) | ORDER |
| and Scott Erlewine, individually | ) | |
| and as owner of Ram Jack of South | ) | |
| Carolina, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Joseph Barry Malasky ("Plaintiff") brings discrimination and wage-related claims against his former employer, Ram Jack of South Carolina, Inc., and Scott Erlewine, individually and as owner of Ram Jack of South Carolina, Inc. ("Defendants"). More specifically, Plaintiff alleges Defendants have violated the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Plaintiff brings additional claims for conversion and unjust enrichment. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.).

This matter comes before the court on Defendants' motion to compel. [ECF No. 39]. In this motion, Defendants argue Plaintiff has failed to respond and lodged improper objections to Defendants' second set of interrogatories and requests for production of documents. In response, Plaintiff offers reasons why he has been unable to fully comply with Defendants' discovery requests, informing the court that he will provide the requested information and/or supplement his relevant responses. [*See* ECF No. 40].

In reply, Defendants inform the court that although they are in receipt of Plaintiff's supplemental responses, Plaintiff still has failed to adequately respond to Defendants' interrogatory number 18, requesting the following:

18. With respect to Plaintiff's allegations that he has suffered medical conditions including emotional distress in connection with his employment, or termination of his employment with Defendants, please state the following:

   a. Identify any treating physician or medical provider, doctor, counselor, social worker, psychologist, nurse practitioner, therapist, or other health care provider, hospital, surgery center, or other health care facility, from whom you received treatment relating to your alleged disability, or who has diagnosed, treated you, referred you to other medical providers, opined on, or otherwise addressed your alleged medical condition(s), or from whom you received treatment or discussed pain and suffering and alleged emotional distress, as set forth in the Complaint, including any prescribed medications, therapy, or counseling or with whom you have consulted since time period from June 1, 2016 through the present. In your response, please include: (a) name; (b) address; (c) phone number; (d) other relevant contact information; (e) length of doctor-patient relationship; and set forth the dates and purpose or reason for such treatment(s).

   b. The precise nature of each and every medical condition claimed by Plaintiff, describe with particularity, including, without limitation, and diagnoses provided by Plaintiff's health care providers and Plaintiff's symptoms; and

   c. The dates on which Plaintiff was diagnosed with each alleged medical condition and what time periods Plaintiff sought treatment for each.

[*See* ECF No. 41-1 at 2]. In response to this interrogatory, Plaintiff provided the names and addresses of three treatment facilities and/or physicians, generally when Plaintiff was seen, and, for two out of three, what was prescribed to Plaintiff. *See, e.g., id.* ("Dr. Engleman has prescribed [various medications]. Plaintiff has been seen by Dr. Engleman for approximately 20 years.").

Because Plaintiff has failed to adequately respond to Defendants' interrogatory number 18 and failed to otherwise lodge any objection to providing the information requested, and because the information requested is relevant and discoverable, Defendants' motion to compel is granted. [ECF No. 39]. Plaintiff is directed to fully and completely respond to Defendants' interrogatory number 18 no later than November 2, 2021. Plaintiff is advised that failure to comply with the court's order may result in a recommendation that this case be dismissed for failure to participate in discovery and/or sanctions, including payment of Defendant's attorneys' fees and costs in preparing such motions.

IT IS SO ORDERED.

October 28, 2021                    Shiva V. Hodges
Columbia, South Carolina            United States Magistrate Judge